UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

Mack,

                         Petitioner,                  21 Civ. 8541 (KMK)(PED)

           - *against* -

                                                           **ORDER**

Collado,

                         Respondent.

---

**PAUL E. DAVISON, U.S.M.J.:**

Petitioner Jerome Mack has requested appointment of counsel. [Dkt.12.] For the reasons set forth below, Petitioner's request is denied without prejudice.

Petitioner seeks a writ of habeas corpus, challenging his 2015 Orange County conviction for attempted murder and related offenses. [Dkt. 1.] The petition presents six claims, each of which appears to have been presented by counsel on Petitioner's direct appeal. See People v. Mack, 183 A.D.3d 916 (2d Dept. 2020).

There is no constitutional right to representation by counsel in habeas corpus proceedings, as there is in most criminal proceedings. See Green v. Abrams, 984 F.2d 41, 47 (2d Cir. 1993). Rather, applications for counsel in habeas corpus proceedings are addressed with the court's discretion, bur such applications should not be granted indiscriminately. See Cooper v. Sargenti, 877 F.2d 170, 172 (2d Cir. 1989)).

In considering whether to appoint counsel for habeas petitioners, courts follow the standards set forth by the Second Circuit for the appointment of counsel to indigent civil litigants pursuant to 28 U.S.C. § 1915. Id. Accordingly, the district court is directed to screen such

applications first by evaluating whether the petition "seems likely to be of substance." Id. If the court concludes that the applicant's claims meet this threshold requirement, then the court is to consider secondary criteria such as Petitioner's ability to present the case (either by obtaining representation independently or with his own abilities), Petitioner's ability to handle the case without assistance in light of the required factual investigation, the complexity of the legal issues, and the need for expertly-conducted cross-examination to test veracity, and "any special reason in that case why appointment of counsel would be more likely to lead to a just determination." See Id. In particular, in the context of habeas corpus proceedings, courts look to whether an evidentiary hearing should be held in connection with the petition; where no hearing is to be held, the appointment of counsel is generally not warranted. U.S. *ex rel*. Cadogan v. LaVallee, 502 F.2d 824, 826 (2d Cir. 1974).

In the instant case, the "substance" of Petitioner's several claims is not immediately apparent upon screening the Petition. However, consideration of the secondary criteria set forth above leads to the conclusion that appointment of counsel is not warranted at this time. Although the court accepts for purposes of this request Petitioner's representation that he is indigent, it is not apparent that counsel is essential to present issues which have apparently already been briefed in state court by appellate counsel. It does not presently appear that this case will require counsel to conduct any factual investigation, or that an evidentiary hearing and/or cross-examination will be necessary. Finally, there does not appear to be any "special reason" that appointment of counsel in this case would be more likely to lead to a just determination.

Accordingly, the instant Application is denied without prejudice. The Court will

reconsider appointing counsel in the event that an evidentiary hearing is required.

Dated: January 11, 2022
      White Plains, New York

**SO ORDERED**

_____
Paul E. Davison
United States Magistrate Judge